O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY L. STEWART,<br><br>    Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON, Secretary, et al.,<br><br>    Respondent. | Case No. 2:22-cv-01402-DSF-KES<br><br>ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE |

## I.
## BACKGROUND

In July 2019, Petitioner Tracy L. Stewart ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Stewart v. Johnson, Central District of California case no. 2:19-cv-06400-KES ["Stewart III"], Dkt. 1.) The Petition challenged Petitioner's 1986 convictions for multiple counts of kidnapping and robbery. (Id., p. 2.)

The Court ordered Respondent to respond to the Petition. (Id. at Dkt. 4 ["Order Requiring Response"].) The Order Requiring Response noted that while Petitioner had filed a previous federal habeas petition in 2014, it was unclear whether the Stewart III Petition was successive, because the California Court of

1

1  Appeal had ordered modifications to Petitioner's sentence that might have resulted
2  in a new judgment.  (Id. at Dkt. 19-2, Lodged Document ["LD"] 2.)
3      Respondent moved to vacate the Order Requiring Response, arguing that the
4  Stewart III Petition was successive because Petitioner had filed a prior federal
5  petition in Stewart v. State of California, case no. 90-cv-2337-IH-K, denied on the
6  merits ("Stewart I").  (See Stewart III at Dkt. 18; see also LD 6.)  In supplemental
7  briefing, Respondent noted that Petitioner had filed a second federal habeas petition
8  in Stewart v. McComber, case no. 2:14-cv-01747-DSF-DFM, which was dismissed
9  as untimely (Stewart II").  Respondent also explained that while the California
10 Court of Appeal modified Petitioner's judgment in 1986, it did not remand the case
11 for re-sentencing, and therefore no new judgment was entered after 1986.  (Stewart
12 III at Dkt. 25, pp. 6-7, citing LD 2, p 18.)  As a result, both of Petitioner's prior
13 federal petitions challenged the same judgment as his Petition in Stewart III.  The
14 Court dismissed the Stewart III Petition without prejudice as successive.  (Id. at
15 Dkt. 28.)

## II.
## THE NEWEST FEDERAL HABEAS PETITION

18     In February 2022, the Court received from Petitioner a fourth Petition for
19 Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254
20 filed in the above-captioned case.  (Dkt. 1 ["Stewart IV"].)  This Petition, too,
21 challenges Petitioner's 1986 convictions.  (Id., p. 2.)

## III.
## DISCUSSION

24     The Stewart IV Petition is governed by 28 U.S.C. § 2244(b), which provides
25 in relevant part as follows:
26     (b)(1) A claim presented in a second or successive habeas corpus
27     application under section 2254 that was presented in a prior
28     application shall be dismissed.

2

    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

        (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) ***Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.***

28 U.S.C. § 2244(b) (emphasis added).

    It is apparent from the face of the Petition that it attacks the same convictions and sentence as challenged in the Stewart I, II, and III federal petitions.  Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing this Court to consider the Petition before filing it in this Court.  Petitioner's failure to do so deprives the Court of subject matter jurisdiction to consider the Petition.  See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).  Because the Petition is successive, the Court will dismiss the Petition without prejudice to the filing of a new action if and when Petitioner obtains permission to file a successive petition.

/ / /

IT IS THEREFORE ORDERED that the Petition is DISMISSED without prejudice as successive pursuant to 28 U.S.C. § 2244(b).

DATED: March 7, 2022

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE